THOMAS M. RIORDAN (S.B. #176364)
ELIZABETH C. LEMOND (S.B. #216690)
O'MELVENY & MYERS LLP
610 Newport Center Drive, 17th Floor
Newport Beach, CA  92660-6429
Telephone:  (949) 760-9600
Facsimile:   (949) 823-6994

Attorneys for Defendant,
TOYOTA MOTOR SALES, U.S.A., INC.

## UNITED STATES DISTRICT COURT

## NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MARK R. CIABATTARI, and all other persons similarly situated,<br><br>Plaintiffs,<br><br>v.<br><br>TOYOTA MOTOR SALES, U.S.A., INC., a California corporation; GOODYEAR DUNLOP TIRES NORTH AMERICA, LTD., LLC, an Ohio limited liability corporation; and DOES 1-30,<br><br>Defendants. | Case No. C05-04289 SC<br><br>**STIPULATED PROTECTIVE ORDER**<br><br>Dept:  1<br>Judge: Honorable Samuel Conti |

Subject to the approval of this Court and the provisions of Rule 26 of the Federal Rules of Civil Procedure, plaintiff Mark R. Ciabattari, defendant Toyota Motor Sales, U.S.A., Inc., and defendant Goodyear Dunlop Tires North America, Ltd., LLC, (collectively, the "Parties") by and through their respective counsel of record, hereby stipulate and agree that, with respect to any information, documents, or things obtained by any Party to these actions during settlement negotiations or in response to any discovery the following Stipulated Protective Order shall govern:

**1.      PURPOSE AND LIMITATIONS**

The purpose of this Stipulated Protective Order is to allow the Parties

to have reasonable access to sensitive commercial, financial, and confidential information from other Parties while protecting the confidentiality or privacy of that information.  The Parties acknowledge that this Stipulated Protective Order does not confer blanket protections on all disclosures or responses to discovery and that the protection it affords to Discovery Materials (defined below) extends only to the limited information or items that are entitled under the applicable legal principles to treatment as confidential.  The Parties further acknowledge, as set forth in Section 10, below, that this Stipulated Protective Order creates no entitlement to file confidential information under seal; Civil Local Rule 79-5 sets forth the procedures that must be followed and reflects the standards that will be applied when a Party seeks permission from the Court to file material under seal.

**2.    DEFINITIONS**

2.1    <u>Party/Parties</u>.  "Party" or "Parties" means Mark R. Ciabattari, Toyota Motor Sales, U.S.A., Inc., and Goodyear Dunlop Tires North America, Ltd., LLC, including all of their officers, directors, employees, consultants, retained experts, agents, and outside counsel (and their support staff).  This definition may be modified if and when a plaintiff's class is certified by the Court, or upon the agreement of the original parties to this Stipulated Protective Order.

2.2    <u>Discovery Material</u>.  "Discovery Material" means any information, document, or tangible thing, upon which any expression, communication, or representation has been recorded by any means, or response to any discovery request, including by way of example, document requests, interrogatories, requests for admissions, notices of deposition, requests to inspect, initial disclosures, subpoenas and any other similar materials, or portions thereof.

2.3    <u>Settlement Materials</u>:  "Settlement Materials" means any information, document or tangible thing provided to the Receiving Party for the purposes of settlement negotiations.

1      2.4  <u>Confidential Information</u>.  "Confidential Information" means
2  any (1) Settlement Materials or (2) Discovery Materials Producing Party designates
3  as sensitive or proprietary business or financial information, personal information,
4  or information furnished to it in confidence by any third party, which information is
5  not known to the general public.
6      2.5  <u>Receiving Party</u>.  "Receiving Party" means a Party to the action
7  or any third party who receives Discovery Material or Settlement Material from a
8  Producing Party.
9      2.6  <u>Producing Party</u>.  "Producing Party" means a Party to the action
10 or any third party who produces or otherwise makes available Discovery Material
11 or Settlement Material to a Receiving Party.
12     2.7  <u>Designating Party</u>.  "Designating Party" means a Party to the
13 action or any third party who provides Settlement Materials to one or more Parties
14 or third parties or who produces Discovery Materials that it designates as
15 "Confidential Information."
16     2.8  <u>Counsel</u>.  "Counsel" means counsel of record, an employee in-
17 house counsel of a Party, and their secretarial and support personnel and other
18 assistants to whom it is necessary to disclose Confidential Information for the
19 purpose of this action.
20     2.9  <u>Expert.</u>  "Expert" means a person with specialized knowledge or
21 experience in a matter pertinent to the litigation who has been retained by one Party
22 or its Counsel to serve as an expert witness or as a consultant in this action and who
23 for the purposes of any settlement discussions and review of Settlement Materials,
24 is not or has not been employed by or been a consultant to in the last 7 years
25 another Party or of a competitor of another Party and who, at the time of retention,
26 is not anticipated to become an employee of another Party or a competitor of
27 another Party.  For purposes related to this litigation other than settlement, the
28 Parties agree to meet and confer about issues related to a Party's Expert's past

employment or consultant work with another Party or a competitor of another Party.  If these issues cannot be cannot be resolved informally, either Party may move the Court to resolve the dispute.  Until such time as these issues are resolved, the Parties agree not to disclose Confidential Information to an Expert who was a former or is a current employee or consultant of another Party or a competitor of another Party.

        2.10   <u>Trial Preparation Materials</u>.  "Trial Preparation Materials" means documents and materials such as pleadings, court papers and briefs, exhibits, depositions, interrogatories, and the like, and summaries thereof or notes pertaining thereto.

        2.11   <u>Other Plaintiffs</u>:  "Other Plaintiffs" means the named plaintiffs, and their heirs, successors, and assigns, and their attorneys in the following lawsuits:

        a.   *Stanley Monk v. Toyota Motor Sales, U.S.A. Inc., et al.* (05CV10562, USDC, So. Dist. N.Y.)

        b.   *Jess Collinson, Scott M. Pollack and Thomas Hunt v. Toyota Motor Sales, U.S.A., Inc., et al.* (05CV05471, USDC, Dist. N.J.)

        c.   *Kyle Bressler v. Toyota Motor Sales, U.S.A., Inc. et al.* (05CV544, USDC, Mid. Dist. FL.))

        d.   *Patricia and Michael Beaird v. Toyota Motor Sales, U.S.A., Inc., et al.,* (05CH22370, Circuit Court of Cook County)

        e.   *Thomas F. Pear v. Toyota Motor Sales, U.S.A., Inc. et al.,* (05CV01778, USDC, Dist. CT.)

**3.**   **SCOPE**

The protection conferred by this Stipulated Protective Order covers not only Confidential Information, but also any information copied or extracted therefrom, as well as copies, excerpts, summaries, or compilations thereof, plus

testimony, conversations, or presentations by Parties or Counsel to or in Court or in other settings that might reveal Confidential Information.

### 4. DESIGNATION OF CONFIDENTIAL INFORMATION

4.1 <u>Designation in General</u>.  Any Party or non-party may designate as "CONFIDENTIAL," by so marking any Discovery Material– and any copies, abstracts, excerpts or analyses thereof – given, used, served or produced by the Party or non-party in connection with this action, including without limitation in response to formal discovery demands or subpoenas or in compliance with the initial disclosure requirements prescribed by Federal Rules of Civil Procedure, Rule 26(a), that the Designating Party or non-party in good faith believes to contain, reflect, regard, or disclose any confidential, non-public, or proprietary business or financial information.  Further, any Party or non-party may designate as "SETTLEMENT/CONFIDENTIAL," by so marking any Settlement Material – and any copies, abstracts, excerpts or analyses thereof – given, used, served or produced by the Party or non-party for the purposes of settlement negotiations.  All materials designated as "CONFIDENTIAL" or "SETTLEMENT/CONFIDENTIAL" shall be referred to in this Stipulated Protective Order as Confidential Information.

4.2 <u>Inadvertent Failure to Designate</u>.  A Party or non-party that inadvertently fails to mark an item as Confidential Information at the time it is given, used, served or produced may correct its failure in writing, accompanied by substitute copies of each item, container or folder, appropriately marked as Confidential Information.  Failure to designate is not a waiver of the confidential nature of the material.

4.3 <u>Settlement Negotiations.</u>  All documents provided to any Party in connection with any settlement negotiations, whether marked so or not, are Confidential Information and all copies must be returned to the Designating Party immediately upon request.  The Receiving Party agrees not to challenge the confidential designation of any Settlement Materials.  Further, the Parties agree that

all discussions about and information exchanged in connection with settlement negotiations shall be kept strictly confidential, including but not limited to the fact that such settlement negotiations are about to or have occurred.

## 5. CHALLENGING CONFIDENTIALITY DESIGNATIONS

   5.1   <u>Meet and Confer</u>.  Except as provided in 4.3, the acceptance by a Receiving Party of Confidential Information shall not constitute an admission or concession or permit an inference that the Confidential Information is, in fact, confidential.  Should a Receiving Party object in good faith to such designation, that Party must notify the Designating Party or Parties in writing of such objection, specifying the basis thereof.  The Parties shall then negotiate in good faith to attempt to resolve their dispute regarding the confidentiality of the subject materials.  In conferring, the Receiving Party must explain the basis for its belief that the confidentiality designation was not proper and must give the Designating Party an opportunity to review the designated material and to explain the basis for the designation.

   5.2   <u>Judicial Intervention.</u>  Should such meet-and-confer efforts fail, the Designating Party may then apply to the Court for a protective order covering the designated information within twenty (20) days from the receipt of such written notice from the Receiving Party.  Or the Receiving Party may file and serve a motion under Civil Local Rule 7 that identifies the challenged material and sets forth in detail the basis for the challenge.  Each such motion must be accompanied by a competent declaration that affirms that the movant has complied with the meet and confer requirements and that sets forth with specificity the justification for the designation provided by the Designating Party.  The Designating Party shall bear the burden of establishing the confidentiality of any material (except for Settlement Materials as provided *supra* ¶ 4.3 which is deemed confidential) designated as Confidential Information.  The information which is the subject of such dispute shall continue to be treated as confidential subject to this Stipulated Protective

Order for a period of twenty (20) court days following written notice of objection unless a motion for a protective order is filed within that time, in which case the information shall be treated as confidential pending the outcome of such motion. In the absence of such a motion, the documents or information shall not be treated as confidential upon the expiration of twenty (20) court days after written notice of objection.

### 6. USE OF CONFIDENTIAL MATERIAL

6.1 <u>General</u>. No Confidential Information shall be made public by the Receiving Party or divulged to anyone other than as set forth herein. Absent a specific order by the Court or if the Designating Party otherwise agrees, once designated as Confidential Information, such materials and information shall be used by the Parties solely in connection with this litigation, and not for any other purpose, including any business, competitive, or governmental purpose or function.

6.2 <u>Maintenance</u>. Confidential Information shall be held in custody and confidence by Counsel of the Receiving Party. Confidential Information (except for Trial Preparation Material, but including Confidential Information that is attached to Trial Preparation Material as exhibits, appendices, and the like) shall be maintained by each person Receiving it, when not in actual use, in a secure location inaccessible to any person not authorized by this Stipulated Protective Order to use such Confidential Information.

6.3 <u>Advice of Counsel.</u> Nothing under this Stipulated Protective Order shall bar or otherwise restrict Counsel from rendering advice to a Party with respect to this action, and in the course thereof, relying in a general way upon examination of any Confidential Information. However, in rendering such advice and in otherwise communicating with a Party, such Counsel shall not disclose the contents of any Confidential Information contrary to the terms or intent of this Protective Order.

6.4 <u>Right to Disclose.</u> Nothing in this Stipulated Protective Order

shall preclude any person or entity from disclosing or using, in any manner or for any purpose, any information or document if that information or document is lawfully obtained from a third party under no obligations of confidentiality with respect thereto and having the right to disclose such information. Similarly, the terms of this Stipulated Protective Order shall in no way affect a Party's right to reveal or disclose to anyone any information designated by that Party itself as CONFIDENTIAL INFORMATION. Nothing herein shall prohibit a Party from disclosing CONFIDENTIAL INFORMATION to the person the document identifies as the author, addressee or recipient of such material.

7.  **ACCESS TO CONFIDENTIAL INFORMATION**

    7.1   <u>Permissible Disclosures</u>.  Confidential Information shall be treated by each Receiving Party as confidential unless and until the Court rules to the contrary or the Designating Party agrees otherwise. Unless and until the Court rules or the Designating Party otherwise agrees, and except as set forth in Paragraph 7.2 herein, access to or disclosure of Confidential Information shall be limited to the following persons and the following persons are bound by the terms of this Stipulated Protective Order, subject to the qualification provisions of Paragraph 7.2 herein:

    a.   The Court and those employed by the Court, in which event such information shall be filed under seal (and kept under seal until further order of the Court);

    b.   Each of the named Parties to the litigation who has, through that Party's respective Counsel, signed this Stipulated Protective Order (or who has accepted the terms of this Stipulated Protective Order by the Party's counsel's execution of Appendix A hereto), including any representative of the Party (officers, directors, partners, employees) assisting in the prosecution or the defense of the litigation, and such Party's counsel, including the clerical, secretarial, and paralegal staff employed by such

counsel;

    c.    Other Plaintiffs provided, however, that in all such cases, before disclosure, the Other Plaintiffs' lawyers to whom disclosure is made must signify assent to the terms of this Stipulated Protective Order, on behalf of their clients as well as themselves, by executing the acknowledgement attached as Appendix A hereto, indicating that he or she has read and understands this Stipulated Protective Order and has agreed to be bound by its terms.

    d.    Court reporters and employees of court reporters engaged by counsel to record and transcribe testimony in this litigation, and translators engaged for any purpose in the litigation;

    e.    Experts retained for the purpose of assisting counsel in the litigation to the extent reasonably necessary for the litigation of this action; provided, however, that in all such cases the person to whom disclosure is made must signify assent to the terms of this Stipulated Protective Order by executing the acknowledgement attached as Appendix A hereto, indicating that he or she has read and understands this Stipulated Protective Order and has agreed to be bound by its terms; and

    f.    Persons from whom testimony is taken or is to be taken in the litigation, either in a deposition or at trial, provided that Confidential Information may be disclosed to such persons only in the preparation for, review of, or in the course of his or her testimony, and that such person shall not retain such Confidential Information after his or her testimony is concluded; provided, however, that in all such cases the person to whom disclosure is made must signify assent to the terms of this Stipulated Protective Order by executing the acknowledgement attached as Appendix A hereto, indicating that he or she has read and understood this Stipulated Protective Order and has agreed to be bound by its terms.

1       7.2     Other Persons.  Counsel desiring to qualify a person or persons to receive Confidential Information under paragraph 7.1(c), (d), (e) or (f) shall first obtain from each such person a signed undertaking in the form of Appendix A hereto.

        7.3     Additional Parties.  In the event that additional persons become parties to this action, they shall not have access to Confidential Information produced by or obtained from any Party or nonparty until the newly joined party or his or her counsel executes the acknowledgment attached as Appendix A hereto, indicating to all other Parties that he or she has read this Stipulated Protective Order and agrees to be bound by its terms.

        7.4     Disclosure Pursuant to Subpoena.  Should any non-party serve a subpoena calling for the production of any Confidential Information on any Party or Counsel for a Party who has received such information, the subpoenaed Party in such instance shall provide notice in writing via facsimile to the Designating Party immediately and in no event more than three days after Receiving the subpoena. Such notification must include a copy of the subpoena.  It shall be the obligation of the Designating Party, prior to the response date on the subpoena, to seek a protective order or any other appropriate relief from the Court if the Designating Party wishes to maintain the confidentiality of the material.  A Designating Party that fails to seek judicial relief to preclude the disclosure of any Confidential Information in response to a subpoena shall be deemed to have waived any claim of confidentiality with respect to such material.

        7.5     Objection to Disclosure to Other Persons.  Should any Party seek to disclose Confidential Information to such other persons not authorized to receive Confidential Information pursuant to paragraph 7(a-f), said Party shall identify in a written notice to the Designating Party (1) the specific Confidential Information; (2) the purpose of such disclosure; (3) the person(s) to receive the Confidential Information, by name, address and telephone number; (4) counsel for

1  that person(s), by name address and telephone number; and (4) any litigation,
2  administrative proceeding or proceeding, by caption and docket number.  This
3  written notice will be provided at least sixty (60) days in advance of the intended
4  date of disclosure.  The Designating Party in such instance shall provide any
5  objection to such disclosure in written notice to the other Party within thirty (30)
6  days after receipt of that Party's intent to disclose.  No Confidential Information
7  shall be disclosed to that person(s) until the validity of the objection has been
8  resolved, either by an agreement between the Parties or by order of the Court.  If no
9  objection is made by the Designating Party, then the identified Confidential
10 Information may be divulged by the Receiving Party to the identified person upon
11 his or her execution of the acknowledgement attached as Appendix A hereto,
12 indicating that he or she has read and understood this Stipulated Protective Order
13 and has agreed to be bound by its terms.

**8.     ACKNOWLEDGEMENT OF PROTECTIVE ORDER**

Before obtaining access to any CONFIDENTIAL INFORMATION covered by this Stipulated Protective Order, each person (other than Counsel) who is permitted to have access to CONFIDENTIAL INFORMATION under this Stipulated Protective Order must signify assent to the terms of this Stipulated Protective Order by executing the acknowledgement attached as Appendix A hereto, indicating that he or she has read and understands this Protective Order and agrees to be bound by its terms.  If a deponent or the attorney for a deponent refuses to execute the acknowledgement attached as Appendix A hereto, he or she shall be requested on the deposition record to agree to the terms of this Stipulated Protective Order.  Every deposition witness whose appearance at deposition is obtained pursuant to the process of this Court and to whom CONFIDENTIAL INFORMATION is disclosed at deposition is hereby ordered (1) to maintain all CONFIDENTIAL INFORMATION in confidence, and (2) not to disclose CONFIDENTIAL INFORMATION to anyone other than in accordance with the

terms of this Stipulated Protective Order.

**9.    HANDLING OF CONFIDENTIAL INFORMATION**

9.1    <u>Deposition Transcripts</u>.  In the case of depositions and pretrial proceedings, the Parties agree to provisionally treat the entire transcript of the deposition or pretrial proceeding as Confidential Information.  Within thirty (30) days of receipt of the transcript, any Counsel may designate portions of the transcript as Confidential Information by informing the reporter and other Counsel in writing of such designations by page and line number.  The reporter, who shall first have agreed to abide by the terms of this Stipulated Protective Order, shall be instructed to seal the transcript and include on the cover page the legend:  "This transcript portion contains information subject to a Protective Order and shall be used only in accordance therewith."

9.2    <u>Exclusion of Unauthorized Persons</u>.  When testimony designated as Confidential Information is (or is sought to be) elicited during a deposition or pretrial proceeding, persons not entitled to receive such information under the terms of this Stipulated Protective Order shall be excluded from attendance at the deposition or pretrial proceeding of this action during such time as the Confidential Information is being disclosed, unless the Parties otherwise agree or the Court otherwise orders.

9.3    <u>Inadvertent Production</u>.  If during document production, the Producing Party inadvertently produces a document entitled to protection under the attorney-client privilege, the attorney work product doctrine, or other provisions of applicable law:  (a) the Parties agree that the erroneous or inadvertent production shall not constitute a waiver of such protection as to either the subject matter of the material or as to related documents or communications; and (b) the Producing Party may request the return of the inadvertently produced document at any time before the commencement of trial, but no more than thirty (30) days after the document is first marked as a deposition exhibit, identified as a potential trial exhibit, or

otherwise identified by any Party in any pleading or correspondence served on all Parties to this action.  Any such request shall be made in writing, and shall identify the basis for the claimed protection.  If the Party (or Parties) that received the inadvertently produced document agrees that the document is entitled to protection (without regard to its inadvertent production), all copies of the inadvertently produced document shall be returned to the producing Party or destroyed, and no reference to such document shall be made in discovery, at trial, or any other manner.  If the Parties do not agree that the document is entitled to protection, the burden is on the producing Party to file an appropriate motion with the Court within forty-five (45) days after the document is first marked as a deposition exhibit, identified as a potential trial exhibit, or otherwise identified by any Party in any pleading or correspondence served on all Parties to this action.  Further, the Parties agree that *in camera* review of such documents or testimony is not a waiver of privilege.

9.4     Unauthorized Disclosure.  If a Receiving Party learns that, by inadvertence or otherwise, it has disclosed Confidential Information to any persons or in any circumstance not authorized under this Stipulated Protective Order, the Receiving Party must immediately (a) notify in writing the Designating Party of the unauthorized disclosures, (b) use its best efforts to retrieve all copies of the Confidential Material, (c) inform the person or persons to whom unauthorized disclosures were made of all the terms of this Order, and (d) request such person or persons to execute the acknowledgment attached as Appendix A hereto.

**10.    FILING CONFIDENTIAL INFORMATION**

Without written permission from the Designating Party or a court order secured after appropriate notice to all interested persons, a Party may not file in the public record in this action any Confidential Information.  A Party that seeks to file under seal any Confidential Information must comply with Civil Local Rule 79-5.

**11.    FINAL DISPOSITION**

   11.1    <u>Termination of Participation in Action.</u>  Once participation in this action by any person obtaining Confidential Information has been terminated or otherwise concluded, all Confidential Information in the possession of such person shall be returned by such person within thirty (30) calendar days to the Counsel from whom he or she obtained such Confidential Information.

   11.2    <u>Termination of Action</u>.  Within sixty (60) days after the final termination of this action, counsel for the Receiving Party shall return all copies of the Confidential Information to counsel for the Designating Party, or shall, at the option of the Designating Party, destroy such Confidential Information, and certify in writing that said destruction has occurred to counsel for the Designating Party.

**12.    RIGHT TO FURTHER RELIEF - NO WAIVER**

   12.1    <u>Right to Further Relief</u>.  This Stipulated Protective Order shall not prevent a Party from applying to the Court for relief from this Order or any of its terms or provisions, or from applying to the Court for further or additional protective orders.

   12.2    <u>Right to Assert Other Objections</u>.  Nothing in this Stipulated Protective Order shall be construed as a waiver of the right of any Party to object to the taking or admissibility of any testimony, the production of documents or tangible things, or the admissibility of other evidence where such an objection is based on a ground or grounds other than that the testimony or evidence involves CONFIDENTIAL INFORMATION.

   12.3    <u>No Waiver Due to Review</u>.  Review of Confidential Information by Counsel or Experts shall not waive the confidentiality of the documents or objections to production.

**13.    EFFECTIVE PERIOD**

   The terms of this Stipulated Protective Order shall be effective and binding upon a Party upon the signature of its Counsel below.  The restrictions on

use of Confidential Information set forth in this Stipulated Protective Order shall survive the conclusion of this litigation and, after conclusion of this litigation, the Court shall exercise limited jurisdiction for the purpose of enforcing this Stipulated Protective Order.

IT IS SO STIPULATED, THROUGH COUNSEL OF RECORD.

Dated: March 1, 2006

/s/
Thomas M. Riordan
Attorneys for Defendant
TOYOTA MOTOR SALES, U.S.A., INC.

Dated: February 28, 2006

/s/
Mark F. Anderson
Attorneys for Plaintiff
MARK R. CIABATTARI

Dated: February 23, 2006

/s/
Ralph W. Robinson
Attorneys for Defendant
GOODYEAR DUNLOP TIRES NORTH AMERICA, LTD., LLC,

PURSUANT TO STIPULATION, IT IS SO ORDERED.

Dated: _____3/6_____, 2006

United States District Judge

*IT IS SO ORDERED — Judge Samuel Conti — UNITED STATES DISTRICT COURT NORTHERN DISTRICT OF CALIFORNIA*